## CIRCUIT COURT OF BALTIMORE CITY.

Filed October 30, 1897.

ROBERT EMMETT SAVINGS ASSOCIATION
VS.
MARY McMAHON, ET AL.

*Benj. B. Shreeves* for validity of deed.

*Fredk. C. Cook* against it.

OPINION.

DENNIS, J.—

The evidence in this case shows that such relations of special confidence in, and reliance upon, the grantee, existed on the part of the grantor in the deed, the validity of which is assailed, and under which for a merely nominal consideration, the grantee became the sole and absolute beneficiary, as to impose upon the grantee, the *onus* of proving that the transaction was a fair and proper one. This *onus* he has failed to sustain.

The testimony clearly shows, both from repeated declarations by the grantor and from the grantee's own admissions in the answer filed, an intention by the grantor to make provision for the infant children of her deceased son, John. But the deed on its face makes no provision for them whatever; the property is in terms given to the grantee absolutely. The grantee's explanation is that the grantor relied upon the grantee's kindly feeling and good will to make this provision, but that would be no provision at all, in any proper sense of the word—it would be a mere mockery, any allowance the grantee might make would be subject to his own caprice, and would at once terminate at his death. What the grantor intended was a *bona fide* substan-

tial provision for the children of her deceased son, to which they should be absolutely entitled, and which might be enforced at law. This deed wholly failed to carry out her purpose, therefore, and ought not to be allowed to stand to defeat her intention.